PER CURIAM:
1 N.U. (Mother) appeals the termination of her parental rights. We affirm.
12 "[In order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made."" In re B.R., 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." In re E.R., 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. See id. Additionally, a juvenile court has broad discretion regarding judgments based on the juvenile court's specialized experience and training, as well as its ability to judge eredi-bility firsthand. Id. Finally, "[when a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." In re B.R., 2007 UT 82, ¶ 12, 171 P.3d 435.
13 Mother first asserts that the juvenile court's findings that she failed to comply with her service plan and that the Division of Child and Family Services (DCFS) made reasonable efforts to reunify Mother and her child were clearly erroneous. Specifically, she asserts that these findings were erroneous because the juvenile court had previously ordered that reunification services were not appropriate and, therefore, were not offered to her. At first blush, Mother's argument seems to have merit. However, when the record is reviewed as a whole, it is clear that these findings relate to the fact that Mother was previously offered reasonable services in regard to her older children and failed to take advantage of those services. At the time of C.U.'s birth, Mother's other children were already in DCFS custody, and Mother had been subject to a service plan meant to reunify her with those children. However, the juvenile court terminated those reunification services as to the older children prior to C.U.'s birth due to Mother's failure to comply with the service plan. It was after this that the juvenile court declined to offer services to Mother in regard to C.U. because of Mother's prior failure to take proper advantage of the services previously offered. Thus, while the findings of the juvenile court could have been more clear, under the circumstances, they were not clearly erroneous once it is understood that they referred to the service plan in place prior to C.U.'s birth.
14 Mother next asserts that there was insufficient evidence for the juvenile court to determine that grounds existed to justify termination of Mother's parental rights and that it was in the child's best interest to terminate her parental rights. The juvenile court found several grounds to support termination of Mother's parental rights, including unfitness.[1] See Utah Code Ann. § 7T8A-6-507(I)(c) (LexisNexis 2012). *466 The evidence in the record supports the juvenile court's determination that Mother was unfit. Utah Code section 78A-6-508(2)(a) states that in determining whether a parent is unfit or incompetent, the juvenile court shall consider "mental illness or mental deficiency of the parent that renders the parent unable to care for the immediate and continuing physical or emotional needs of the child for extended periods of time." Id. § T8A-6-508(2)(a). At trial, sufficient evidence was presented to establish that Mother had both mental illness issues and cognitive deficiencies that rendered her unable to care for her children. Specifically, Mother had been diagnosed as "severely and persistently mentally ill." Further, Mother had "cognitive deficits which would render her unable to independently care for herself." As a result of the mental illness and cognitive disorders, Mother required "consistent assistance" in performing her everyday living activities. Accordingly, despite her love for her child and her desire to be a good parent, Mother's mental illness and cognitive disorders prevented her from caring for the physical and emotional needs of her child. Thus, evidence in the record adequately supports the juvenile court's determination that Mother was unfit.
15 In addition, the evidence was sufficient to establish that termination was in the child's best interest. As explained above, the evidence demonstrated that Mother was not in a position to parent C.U. and there was no evidence demonstrating if and when she might be able to parent C.U. Conversely, the child had been in a placement for several months with a family that loved him and provided him with the stability and security that he needed. Further, the foster family desired to adopt C.U. The evidence supports the juvenile court's determination that it was in C.U.'s best interest to terminate Mother's parental rights in order to free him for adoption into a stable home.
T 6 Affirmed.

. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. See Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); In re F.C. III, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.